L. D. GULLEY v. BARDEN & BRO.

*Principal and Agent--Construction of Bond--Measure of Damages --Bailment.*

1. Where the plaintiff constituted the defendants his agents for the sale of sewing-machines and took from them a bond conditioned among other things that they should return to the plaintiff "all machines that are not sold, in as good order as received ;" *It was held,* in an action by the plaintiff upon the bond to recover the contract price of certain machines delivered to defendants which they had offered to return in a damaged condition, but which plaintiff had declined to receive, that the measure of damages was the difference in value estimated upon the basis of the contract price in the condition in which they were received by defendants, and their condition when defendants offered to return them.

2. In such case the defendants were but bailees, and until sold the property in the machines remained in the plaintiff.

CIVIL ACTION upon a Bond to recover Money alleged to be due, and for damages, tried at Spring Term, 1877, of SAMPSON Superior Court, before *Seymour, J.*

The facts necessary to an understanding of the opinion are set out by THE CHIEF JUSTICE. Verdict and judgment for plaintiff. Appeal by defendants.

*Messrs. Kerr & Kerr,* for plaintiff.
*Messrs. Battle & Mordecai,* for defendants.

SMITH, C. J. On the 26th day of July, 1873, the defendants, Barden & Bro., principals, and the others sureties, executed a bond to the plaintiff in the penal sum of $500, with the following condition :—

" The condition of the above obligation is such that whereas the above bounden Barden & Bro. as aforesaid have been appointed agents by the said L. D. Gulley, to sell the Home Shuttle Sewing Machines; Now therefore if the said Barden & Bro. shall well and truly pay to the said L. D. Gulley, the wholesale price, or price to agents, for all machines and attachments sold by them as his agent, and shall return all machines and attachments that are not sold, in as good order as received, then this obligation is void and of no effect, otherwise to stand in force."

Under the arrangement specified in the bond, the plaintiff delivered many machines to their agents, some of which were sold, and all the proceeds accounted for, except the sum of $52 which is still due. Others have been returned and three were tendered to the plaintiff's attorney and refused on the ground that they were damaged, and not in the plight in which they were delivered to the agents.

In this action brought upon the bond, the plaintiff seeks to recover the money balance due for the machines sold, and the contract price for those which he had refused to take back.

On the trial the defendants contended there was a variance between the bond produced in evidence and that described in the complaint, and also that without a previous demand the action could not be maintained.

The Court expressed the opinion that the plaintiff must show a demand for the machines, or that they had been tendered and refused, or were in such damaged condition that the plaintiff could not receive them, and that in the two last cases, a demand was unnecessary because useless.

Evidence was then introduced by both parties on the question, whether there had been an offer to return, and refusal to receive the machines, and as to their damaged condition, just before the action was brought.

Among other things not necessary to be repeated for the purposes of this case, the Court instructed the jury as follows; "That the defendants had undertaken to deliver the machines in as good condition as when received by them, and that it was a question for the jury to pass upon, whether the machines were in such bad condition at and before the commencement of the suit, that they could not be delivered to the plaintiff by the defendants in the same condition as when received. And if the jury should find that they were in such bad condition that they could not be delivered, in the language of the bond "*in as good order as received*," then the plaintiff would be entitled to recover the value of the machines and fixtures."

The Court then proceeded to explain the meaning and force of the words "in as good order as received," and the obligation imposed upon the defendants by their undertaking, and repeated the instruction that if the defendants were unable to re-deliver the machines, because of the great damage they had sustained, in as good condition as when they were received, the verdict should be rendered for the plaintiff.

The jury rendered a verdict for the plaintiff and assessed his damages at $170.

We think the instruction erroneous, and based upon a misconception of the obligations assumed by the defendants. The plaintiff constitutes the defendants Barden and Bro. his agents for the sale of the sewing machines, on the terms set out in the condition of the bond, and the bond is executed to secure the performance of the duties growing out of that relation. The machines are deposited with the agents for sale, and they covenant to pay the moneys due

GULLEY v. BARDEN.

the plaintiff on such as are sold, and to return such as are not sold in as good order as when they were received. They are but bailees, and until a sale, the property in the goods remains in the plaintiff.

The ordinary duty of a bailee is to take proper care of the goods committed to his custody, and here the defendants super-add to this legal obligation and contract, unconditionally to restore the unsold machines uninjured, and make themselves absolutely responsible for any damage which may come to them while in their possession. This is the full extent of the covenant, to return such of the machines as they have not been able to dispose of " in as good order as received."

The correlative right and duty of the plaintiff was to take back all such as are uninjured, and to have compensation for such damages as the others have sustained. This is the full measure of the plaintiff's rights and of the defendants' responsibilities under the promises and stipulations of their contract.

The measure of the plaintiff's damages in regard to the undelivered machines, is the difference in their value estimated upon the basis of the contract price, in the condition in which they were received by defendants, and their condition when defendants offered to return them.

There is error and we award a *v nire de nov*. Let this be certified.

Error.

PER CURIAM. *Venire de novo.*